Ronda R. SHELTON, Petitioner,

v.

DEPARTMENT OF THE AIR
FORCE, Respondent.

No. 04–3136.

United States Court of Appeals,
Federal Circuit.

Sept. 1, 2004.

Ronda R. Shelton, of Tecumseh, OK, pro se.

Claudia Burke, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director, and Mark A. Melnick, Assistant Director.

Before NEWMAN, MICHEL, and RADER, Circuit Judges.

NEWMAN, Circuit Judge.

Ronda R. Shelton appeals the action of the Merit Systems Protection Board (M.S.P.B.), Docket No. DA315H030118–I–1, 2003 WL 23104849, dismissing her appeal of the action of the Department of the Air Force terminating her civilian employment during the first year of her reemployment, as not subject to appeal. Error has not been shown in the MSPB's interpretation or application of the law. The dismissal is affirmed.

## BACKGROUND

Ms. Shelton was employed as a production controller at Tinker Air Force Base from June 1981 until May 1988. In November 2001 she was rehired for the same position at the same facility. A Notification of Personnel Action (SF 50–B), effective November 5, 2001, documents Ms. Shelton's reinstatement in the competitive service as a career employee with conditional tenure. The SF–50 states: "Appointment is subject to completion of one year initial probationary period beginning 11–05–01." On November 5, 2001 Ms. Shelton signed a document entitled "Probationary Period," which states, "I understand that by accepting this position, appointment is subjected to completion of a one-year probationary period."

The Air Force terminated Ms. Shelton's employment effective October 2, 2002, citing her failure to qualify during the probationary period due to issues of her "general character." The MSPB held that she had no right of appeal to the MSPB; this appeal followed.

## DISCUSSION

■■■■ This court has jurisdiction to review the MSPB's dismissal of an appeal for lack of jurisdiction. *See Smith v. Merit Sys. Prot. Bd.*, 813 F.2d 1216, 1218 (Fed. Cir.1987); 28 U.S.C. § 1295(a)(9). We review the correctness of the Board's interpretation and application of the jurisdictional law. *See Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed.Cir.1998).

■■■■ It is not disputed that Ms. Shelton was in the competitive service and that she had served less than one year following her appointment, on November 5, 2001, to the same position she had held thirteen years earlier. The Board held that Ms. Shelton had not completed her probationary year, and therefore did not meet the definition of "employee" in 5 U.S.C. § 7511(a)(1)(A). Only "employees" have

the right to appeal to the MSPB.[1] *See United States v. Connolly*, 716 F.2d 882, 886 (Fed.Cir.1983). Under 5 U.S.C. § 7511(a)(1)(A):

(a) For the purpose of this subchapter—

(1) "employee" means—

(A) an individual in the competitive service—

(i) who is not serving a probationary or trial period under an initial appointment; or

(ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.

Ms. Shelton argues that a probationary period was improperly imposed by the Air Force, in that her appointment in November 2001 was not an "initial appointment" in terms of subsection (1)(A)(i), *supra.* She states that her initial appointment was in 1981, and that the 2001 appointment was simply a reinstatement to the same position. She states that no trial period was warranted, and that it was improper and illegal to impose it. The Air Force cites *Ramos v. Department of Justice*, 94 M.S.P.R. 623, 629 (2003) to support the position that an employee may be asked to agree to a new probationary period. Ms. Shelton argues that she did not agree voluntarily, but was required to sign the agreement as a condition of employment.

We conclude that the agency did not exceed its authority in imposing a probationary period after a thirteen-year gap in service. Ms. Shelton was fully informed, and accepted the one-year probationary period. Imposition of a reasonable condition to accommodate a special circum-stance is not an illegal employment action. A new probationary period was not an unreasonable condition after thirteen years away from the job, and we need not speculate about whether the job or the employee may have changed in that time.[2] Thus she has no right to appeal her dismissal to the MSPB.

*AFFIRMED.*

---

1. Limited exceptions involve certain discriminatory treatment and are not at issue. *See* 5 C.F.R. '315.806(b); *Mastriano v. Fed. Aviation Admin.*, 714 F.2d 1152, 1155 (Fed.Cir.1983).

2. Because we find the condition authorized, reasonable, and accepted by Ms. Shelton, we do not reach whether in its absence she would nevertheless be subject to a one-year probationary period under applicable statutes and regulations.