# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SPENCER NEAL STEINMETZ, <br>          Appellant, | DOCKET NUMBER <br> PH-0752-14-0556-I-1 |
|        v. | |
| DEPARTMENT OF THE ARMY, <br>          Agency. | DATE: March 13, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Spencer Neal Steinmetz</u>, Pleasantville, New Jersey, pro se.

<u>Timothy D. Johnson</u>, Esquire, Fort Bragg, North Carolina, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal from his National Guard Technician position. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Because the Board lacks jurisdiction over the appellant's removal appeal, we VACATE the initial decision and DISMISS the appeal for lack of jurisdiction.

¶2        In June 1970, the appellant received a career conditional appointment to the position of Mobile Equipment Worker, a military technician and a civilian position covered under the Civil Service Retirement System (CSRS). Initial Appeal File (IAF), Tab 6 at 30. On September 12, 1970, the appellant enlisted in the U.S. Army Reserve, IAF, Tab 1 at 13, and apparently from that date forward the agency treated him as a dual status technician, i.e., one with both military and civilian duties. The appellant resigned from his position with the federal government, effective June 26, 1981. IAF, Tab 6 at 28. In December 2007, after a break in service of nearly 27 years, he was reinstated to federal service as a Heavy Mobile Equipment Repairer.[2] IAF, Tab 6 at 24. Upon reinstatement, the appellant signed a statement acknowledging his understanding that he must maintain his membership in the Selective Reserve as a condition of employment under 10 U.S.C. § 10216 and that his failure to do so would be grounds for his removal. IAF, Tab 6 at 26. The Standard Form 50 reinstating the appellant to

---

[2] Although the agency initially placed the appellant under the Federal Employees' Retirement System, IAF, Tab 6 at 24, the agency subsequently corrected that action and placed him under CSRS, IAF, Tab 1 at 19.

federal service also reflects that, as a condition of employment, he must maintain his military membership. *Id*. at 24.

¶3        On June 21, 2013, the agency issued the appellant advance notice of his separation under 10 U.S.C. § 10218, a provision that requires the mandatory separation of dual status technicians who have lost their dual status, are at least 60 years old, and are eligible for an unreduced civil service annuity. IAF, Tab 6. at 20. The notice informed the appellant that his separation would be effective on February 10, 2014, 30 days after he would become eligible for an unreduced annuity. *Id*. The appellant lost his dual status on October 25, 2013, and the agency effected his separation on February 10, 2014. *Id*. at 13, 15, 18.

¶4        The appellant filed a Board appeal, alleging that the regulation in effect when he was hired in 1970 did not mandate his separation when he lost his dual status. IAF, Tab 1 at 9-11. He stated that the regulation provided that no technician employed prior to September 1, 1970, who is not in a dual status on that date, will be involuntarily reassigned or removed from his position for failure to comply with the dual status requirement. *Id*. He asserted that he was hired as a non-dual status technician prior to September 1, 1970, and thus the mandatory separation provisions of 10 U.S.C. § 10218 are inapplicable to him. He contended that the provisions of section 10218, which were enacted in 1999, after he resigned his position and prior to his reinstatement, are not applicable to him. IAF, Tab 1 at 9-11.

¶5        The administrative judge found that the agency met its burden to prove that section 10218 was applicable to the appellant, and that he was thus subject to its mandatory retirement provisions. IAF, Tab 23, Initial Decision (ID) at 5-11. He also addressed the merits of the removal action and found that the agency proved that the appellant's removal was a reasonable penalty and promoted the efficiency of the service. ID at 11-12.

¶6      The appellant has petitioned for review, reiterating the assertions that he made below.  Petition for Review (PFR) File, Tab 1.  The agency has responded in opposition to the petition.  PFR File, Tab 3.

¶7      The statutory provision at issue in this appeal provides that a dual status technician, who is eligible for an unreduced annuity and is age 60 or older, who after October 5, 1999, loses dual status and continues employment as a non-dual status technician, shall be separated.  10 U.S.C. § 10218(a)(1)-(2).  It further provides that an individual first hired as a dual status technician on or before February 10, 1996, shall be retired not later than 30 days after becoming eligible for an unreduced annuity and becoming 60 years of age.  *See* 10 U.S.C. § 10218(a)(3)(B)(ii)(I).  As the administrative judge correctly found, the starting point to determine whether this provision is applicable to the appellant is the language of the statute itself.  *See Hughes v. Office of Personnel Management*, 119 M.S.P.R. 677, ¶ 7 (2013).  Absent a clear showing of contrary Congressional intent in the legislative history, the plain meaning of the statute is controlling.  *Flannery v. Department of State*, 107 M.S.P.R. 441, ¶ 13 (2007) (citing *U.S. West Communications Services, Inc. v. United States*, 940 F.2d 622, 627 (Fed. Cir. 1991)). We agree with the administrative judge that the plain language of the statute indicates that the statute applies to the appellant.  ID at 6.  Thus, under the statute, the agency must separate the appellant not later than 30 days after he became eligible for an unreduced annuity and became 60 years of age.  That is what the agency did in this case.

¶8      The sole issue before the Board in this case is the effect on the statute of the Army regulation, promulgated on July 5, 1985, that incorporated a memorandum of understanding (MOU) between the agency and the Civil Service Commission, the forerunner of the Office of Personnel Management.  The MOU provides that no technician hired prior to September 1, 1970, who is not in a dual status on that date, will be involuntarily reassigned or removed from his position for failure to comply with the dual status requirement.  *See* IAF, Tab 16 at 6; *see also* IAF, Tab

1 at 30. As noted above, the appellant was hired as a non-dual status technician prior to September 1, 1970. Thus, he falls under the category of employees at one time covered by the MOU. The question thus is whether the MOU or the statute applies to the appellant's situation. The appellant's position is that the MOU controls his situation and thus he is not subject to mandatory retirement, while the agency's position is that the statute controls.

¶9 The agency administers 10 U.S.C. § 10218 and it maintains that when the appellant applied to be reinstated to a military technician position in 2007, he became subject to the mandatory retirement provisions of the statute, which was passed 8 years prior to his reinstatement. *See* IAF, Tab 19. Consistent with *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), the Board applies a two-part inquiry in cases requiring review of an agency's construction of a statute that it administers. *See Clark v. Office of Personnel Management*, 120 M.S.P.R. 440, ¶ 8 (2013). The first inquiry is whether Congress has directly spoken to the precise question at issue. *Long v. Social Security Administration*, 635 F.3d 526, 535 (Fed. Cir. 2011). If the intent of Congress is clear, that is the end of the matter; the Board, as well as the agency, must give effect to the unambiguously expressed intent of Congress. *Chevron*, 467 U.S. at 842–43; *Long*, 635 F.3d at 535. If, however, the statute is silent or ambiguous regarding the specific issue, the question is whether the agency's interpretation is based on a permissible construction of the statute. *Chevron*, 467 U.S. at 842; *Long*, 635 F.3d at 535. The agency's interpretation of a statutory term governs if it is a reasonable interpretation of the statute—not necessarily the only possible interpretation, nor even the interpretation deemed most reasonable by the Board. *See Entergy Corp. v. Riverkeeper, Inc.*, 556 U.S. 208, 218 (2009); *Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶ 26 (2013). Thus, the Board must decide whether the agency's construction here is rational and consistent with the statute. *See Long*, 635 F.3d at 535.

¶10    The agency relies on the reasoning set forth in a Congressional Research Service Report published in March 2000 that interprets the mandatory retirement provisions of the statute.  IAF, Tab 7, Tab 14 at 131-62.  That report notes that, unlike regular civilian employees,[3] military technicians are required to maintain membership in the Selected Reserve as a condition of employment.  The report finds that the intent of the requirement is to guarantee that, when a reserve unit is mobilized, the military technicians who support that unit will be mobilized as well.  The report notes that non-dual status technicians cannot be ordered to deploy with their units when they are mobilized.  The report finds that Congress has enacted legislation to reduce the number of non-dual status technicians.  *Id*. Consistent with this report, we find that the agency's construction of the statute as having the purpose to eliminate or reduce the number of non-dual status technicians while minimizing financial hardship to those individuals who lose their dual status by separating them after they become eligible for an unreduced annuity is rational and consistent with the statute.

¶11    Further, the agency's imposition of the statutory mandatory separation requirement on the appellant upon his reinstatement as a career employee after a long break in service is consistent with the statutory purpose and federal employment law.  "Reinstatement" is the "noncompetitive reemployment" of someone formerly employed in the competitive service who "had a competitive status or was serving probation when he was separated from the service."  5 C.F.R. § 210.102(b)(15).  In *Calixto v. Department of Defense*, 120 M.S.P.R. 557, ¶¶ 13-14 (2014), the Board recognized that agencies are not precluded from imposing some conditions on employees who are reinstated after a long break in service.  In *Calixto*, the Board found that the absence of an affirmative statutory or regulatory provision requiring an employee who had

---

[3] Dual status technicians are civilian employees of the federal government.  *See Fitzgerald v. Department of the Air Force*, 108 M.S.P.R. 620, ¶ 14 (2008).

completed a probationary period prior to a long break in federal service does not preclude an agency from imposing a 1–year probationary period.

¶12    Further, the U.S. Court of Appeals for the Federal Circuit has agreed with the Board's holding.  In *Shelton v. Department of the Air Force*, 382 F.3d 1335, 1336–37 (Fed. Cir. 2004), the Federal Circuit addressed a situation in which the agency required an employee to serve a probationary period under the "special circumstances" of the employee's reinstatement to employment with the agency.  In *Shelton*, the agency reinstated the employee to her former position after a 13-year break in service and required her to serve a new 1–year probationary period despite her having previously served 7 years in her prior position, and the court affirmed the agency's action.  *Id*. at 1336.  In so holding, the court rejected the employee's claims that she had completed her probationary period during her previous period of employment and that the agency was without the authority to impose a second probationary period upon her reinstatement.  *Id*. at 1337.  The court found that imposition of a reasonable condition to accommodate a special circumstance is not an illegal employment action.  *Id*.

¶13    Under the circumstances of this case, we find that the agency's requirement that the appellant be subject to the statutory provisions enacted during his absence from his dual status technician position is a "reasonable condition" of employment.  The agency's requirement brings him in line with the first-time selectees appointed to the dual status technician position prior to 1996.  *See Calixto*, 120 M.S.P.R. 557, ¶ 14.

¶14    The administrative judge thus correctly found that the appellant, appointed under 10 U.S.C. § 10216, was required under section 10216 to be a member of the National Guard and was subject to the mandatory retirement provisions of 10 U.S.C. § 10218(a)(3)(B)(ii)(I).  As explained below, this finding raises a question of whether the Board has jurisdiction to address the merits of the agency's removal action.  The administrative judge did not raise the jurisdictional issue during proceedings below, and, as noted, addressed the merits of the appeal.

The Board must first resolve the threshold issue of jurisdiction before proceeding to the merits of an appeal and may raise the issue of its own jurisdiction sua sponte at any time. *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000); *Metzenbaum v. General Services Administration*, 96 M.S.P.R. 104, ¶ 15 (2004). Accordingly, the Board issued a show cause order to afford the parties the opportunity to address the jurisdictional issue. PFR File, Tab 4. Neither party responded to the show cause order.

¶15     The right to appeal a removal to the Board is granted by subchapter II of chapter 75 of Title 5, U.S. Code. 5 U.S.C. §§ 7511-7513. Title 5, U.S. Code, section 7511(b)(5) excludes an employee described in the mandatory retirement provisions of section 8337(h)(1), relating to technicians in the National Guard, from coverage under subchapter II of chapter 75. Section 8337(h)(1), in turn, provides that the term "technician" means an individual employed under section 10216 of Title 10 who, as a condition of the employment, is required under section 10216 to be a member of the National Guard and to hold a specified military grade. 5 U.S.C. § 8337(h). Thus, 5 U.S.C. § 7511(b)(5) expressly excludes an individual such as the appellant who was appointed under section 10216 from the definition of "employee" under 5 U.S.C. § 7511 and from the applicability of the "actions" covered by chapter 75 under 5 U.S.C. § 7512.[4] In short, a technician such as the appellant, appointed under 10 U.S.C. § 10216, does not have the right to appeal adverse actions to the Board. *See McVay v. Arkansas National Guard*, 80 M.S.P.R. 120, 123 (1998) (the appellant's reduction in grade and involuntary retirement claims cannot be appealed to the Board; at the relevant time the appellant was working as a National Guard technician, so Board review

---

[4] The provision of 5 U.S.C. § 7511(b)(5), that expressly excludes National Guard technicians who, as a condition of their employment, are required to hold a compatible military position, from the provisions of chapter 75 affording federal employees the right to appeal adverse actions to the Board, was enacted by the Civil Service Due Process Amendments, Pub. L. No. 101-376, 104 Stat. 461 (1990); *see Ockerhausen v. New Jersey Department of Military & Veterans Affairs*, 52 M.S.P.R. 484, 490 (1992).

of his reduction in grade and involuntary retirement claims was precluded by statute). Thus, we find that the administrative judge erred in addressing the merits of the appellant's removal, and we dismiss the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

This is the Board's final decision in this appeal. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.