# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| OLIVER WALKER,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-315H-15-0247-I-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE,<br>　　　　　　Agency. | DATE: January 11, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Oliver Walker, College Park, Maryland, pro se.

Sarah S. Tuck, Riverdale, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective January 2014, the agency appointed the appellant to a career-conditional, competitive service position as an Investigation and Compliance Specialist under the hiring authority of 31 U.S.C. § 732(g). Initial Appeal File (IAF), Tab 7 at 7-9. In November 2014, less than 1 year after his appointment, the agency terminated the appellant. *Id*. at 10.

¶3 The appellant filed a Board appeal challenging his termination and requested a hearing. IAF, Tab 1. The administrative judge informed the appellant that the Board may lack jurisdiction over his appeal because he was a probationer, had not completed 1 year of current continuous service in the competitive service without a break in Federal civilian employment of a workday, and had not alleged that his termination was based on partisan political reasons, marital status discrimination, or matters that occurred prior to his appointment. IAF, Tabs 2-3. The agency responded that the Board lacked jurisdiction because the appellant accepted his position subject to a probationary period and that it reasonably imposed the probationary period. IAF, Tab 7 at 6. The appellant argued that, because he was appointed as a former Government Accountability

Office (GAO)[2] employee pursuant to 31 U.S.C. § 732(g), he had Board appeal rights. IAF, Tab 14 at 5-6.

¶4    Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction because the appellant failed to nonfrivolously allege that he had Board appeal rights. IAF, Tab 15, Initial Decision (ID). Specifically, she found that the agency did not exceed its authority by requiring the appellant to complete a probationary period and that he did not complete his probationary period prior to his termination.[3]    ID at 3-4 (citing *Shelton v. Department of the Air Force*, 382 F.3d 1335, 1337 (Fed. Cir. 2004)). The appellant has filed a timely petition for review in which he reiterates that he has Board appeal rights based upon his prior GAO service and requests a "jurisdictional hearing on the merits." Petition for Review (PFR) File, Tab 1.[4] The agency has filed a response in opposition to the petition for review. PFR File, Tab 3.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems*

---

[2] In 2004, Congress redesignated the General Accounting Office as the Government Accountability Office. GAO Human Capital Reform Act of 2004, Pub. L. No. 108-271, § 8(a), 118 Stat. 811. The appellant's service was prior to the redesignation.

[3] The administrative judge found, and we agree, that the Board does not have jurisdiction under 5 C.F.R. § 315.806 because the appellant did not allege that his termination was based on marital status, partisan political reasons, or conditions arising before his appointment. ID at 3-4. The appellant does not challenge these findings on review and we see no reason to disturb them. PFR File, Tab 1.

[4] Below, the appellant alleged that the agency committed harmful procedural error and prohibited personnel practices and that his termination was not in accordance with the law. IAF, Tab 1. On review, the appellant does not challenge the administrative judge's finding that, absent an otherwise appealable action, we lack jurisdiction over his affirmative defenses. PFR File, Tab 1. We agree with the administrative judge and see no reason to disturb this finding. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012).

*Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Under 5 U.S.C. § 7511(a)(1), an individual appointed to a competitive service position is an employee with Board appeal rights if he: (1) is not serving a probationary or trial period under an initial appointment; or (2) has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. *Calixto v. Department of Defense*, 120 M.S.P.R. 557, ¶ 7 (2014). Current continuous service is defined as a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday. *Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶ 14 (2005). An appellant is entitled to a jurisdictional hearing only if he makes nonfrivolous allegations of jurisdiction. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

¶6        Here, it is undisputed that the appellant did not have 1 year of current continuous service prior to his termination. He had previous Government service from July 2001 to February 2003, as an Analyst at the GAO and from August 2010 to May 2011, as a Paralegal Specialist at the Department of Labor. IAF, Tab 7 at 11-14. The agency, though, did not appoint him until January 2014, and terminated him in November 2014. *See* IAF, Tab 7 at 7, 10, 12. Thus, he was not continuously employed for at least 1 year. However, the appellant argues that he has Board appeal rights under 5 U.S.C. § 7511(a)(1) because, as an appointee under 31 U.S.C. § 732(g), he was not serving a probationary period. PFR File, Tab 1 at 5-6. The Board has held that, under the circumstances of a particular case, an agency may impose a probationary period even in the absence of a statutory or regulatory provision requiring one. *See Calixto*, 120 M.S.P.R. 557, ¶¶ 13-17. For the reasons stated below, we find that, contrary to the appellant's arguments, the agency was entitled to require him to serve a 1-year probationary period and that he therefore was a probationary employee not entitled to Board appeal rights.

¶7    The agency appointed the appellant under the authority of 31 U.S.C. § 732(g), which states, "An officer or employee of [GAO] completing at least 1 year of continuous service under a nontemporary appointment . . . acquires a competitive status for appointment to a position in the competitive service."  The appellant asserts that, based upon his appointment under this statute, a probationary period cannot be required under 5 C.F.R. § 315.801(e), which requires probationary periods for, inter alia, appointees under certain special appointing authorities.  PFR File, Tab 1 at 5-6.  The appellant also argues that, since the appointment statute does not require a probationary period, the regulation, which is inferior to a statute, cannot add an additional requirement in the form of a probationary period.  *Id*. at 6.

¶8    We agree with the appellant that 5 C.F.R. § 315.801(e) does not require him to serve a probationary period.  That regulation states, "A person who is appointed to the competitive service either by special appointing authority or by conversion under subparts F or G of this part serves a 1-year probationary period unless specifically exempt from probation by the authority itself."  5 C.F.R. § 315.801(e).  In *Tschumy v. Department of Defense*, 104 M.S.P.R. 488, ¶ 14 (2007), the Board interpreted this regulation as requiring 1-year probationary periods only for those appointed under appointing authorities specified in subpart F and subpart G of 5 C.F.R. § 315.  The appellant was appointed pursuant to 31 U.S.C. § 732(g), which is not among the hiring authorities specified in those subparts.  Thus, he is correct that he was not required to serve a probationary period under 5 C.F.R. § 315.801(e).

¶9    The appellant also argues that, because he was appointed pursuant to 31 U.S.C. § 732(g), his case is distinguishable from *Shelton*, the case that the administrative judge cited in support of her finding that he was properly serving a probationary period.  PFR File, Tab 1 at 5-6; *see* ID at 4 (citing *Shelton*, 382 F.3d at 1337).  He further asserts that, because the appointment statute does not put a time limit on when a former employee can apply for a position based upon the

competitive status he acquired by working at the GAO, there also should be no time limit on the employee's Board appeal rights. PFR File, Tab 1 at 6. We disagree.

¶10 In *Shelton*, the U.S. Court of Appeals for the Federal Circuit held that the agency did not exceed its authority by requiring the appellant to serve a 1-year probationary period where it hired her after a 13-year break in service, even though she previously had served in the same position for almost 7 years. *Shelton*, 382 F.3d at 1336-37. Similarly, the Board has held that, where an appellant was appointed to a competitive service position pursuant to 10 U.S.C. § 1705(g), a statutory direct-hire authority that does not specifically require a probationary period, the agency had the authority to require her to serve a 1-year probationary period. *Calixto*, 120 M.S.P.R. 557, ¶¶ 13-17. In so holding, the Board concluded that the absence of an affirmative statutory or regulatory provision requiring a career-conditional appointee to the competitive service to serve a probationary period did not preclude an agency from imposing a probationary period. *Id.*, ¶ 13.

¶11 Similar to the statute in *Calixto*, the appointment statute here does not affirmatively require a probationary period. *See* 31 U.S.C. § 732(g). However, similar to *Calixto*, both the appellant's Standard Form 50 and selection letter indicated that his appointment was subject to a 1-year probationary period. IAF, Tab 7 at 7-8. Accordingly, we find that the appellant was fully informed of the probationary period when he accepted the position. *See Shelton*, 382 F.3d at 1337. Therefore, the appellant had a gap of almost 3 years between his most recent separation from Federal service and the appointment at issue and none of his prior service was in the same position. IAF, Tab 7 at 10, 12, 14. Thus, the agency had legitimate reasons for requiring a probationary period. *See Calixto*, 120 M.S.P.R. 557, ¶ 14 (stating that service of either a probationary or trial period is the preferred practice in Federal employment because such a period allows the agency to evaluate an individual's conduct and performance to

determine if an appointment to the civil service should become final).  We therefore conclude that the agency acted within its authority by requiring a probationary period under the circumstances of this case.  Accordingly, we agree with the administrative judge that the appellant has failed to nonfrivolously allege that he was an employee under 5 U.S.C. § 7511(a)(1).[5]  *See Calixto*, 120 M.S.P.R. 557, ¶ 17.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our

---

[5] The appellant appears to assert that his arguments are entitled to greater deference because he is pro se.  PFR File, Tab 1 at 5. As previously stated, the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox*, 759 F.2d at 10.  Thus, even if we wished to do so, we are without discretion to defer to the appellant's arguments or find jurisdiction where, as here, none exists.

website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:          _____
William D. Spencer
Clerk of the Board

Washington, D.C.