# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ELIZABETH AVILES-WYNKOOP,<br>Appellant, | DOCKET NUMBER<br>DC-315H-16-0327-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>Agency. | DATE: September 14, 2016 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Nate Nelson, Petersburg, Virginia, for the appellant.

Jenifer J. Schall, Esquire, and Kevin Greenfield, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Order.

## BACKGROUND

¶2    On February 3, 2016, the appellant, a GS-13 Program Analyst in the competitive service, filed an appeal of her termination and requested a hearing. Initial Appeal File (IAF) Tab 1, Tab 5 at 12.  She alleged that the agency improperly considered her to be a probationary employee, but that she was reinstated to the position under 5 C.F.R. § 315.401, and had previously completed a probationary period.  IAF, Tab 1 at 3.  The administrative judge set forth the law applicable to the question of Board jurisdiction over a probationary termination and ordered the appellant to file evidence and argument showing that the appeal was within the Board's jurisdiction.  IAF, Tab 2.  The agency moved to dismiss the appeal, arguing that the appellant was serving in a probationary period despite her prior Federal service and that the Board did not have jurisdiction over the appeal.  IAF, Tab 5 at 4-9.  The appellant responded to the agency's motion.  IAF, Tab 11.

¶3    After considering the pleadings, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant was a probationary employee who did not have 1 year of current continuous service, and did not have any other service that could be "tacked" to her probationary period.  IAF, Tab 12, Initial Decision (ID).  The administrative judge did not hold the appellant's requested hearing on the jurisdictional issue.

¶4    The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  She reiterates her assertions made below that she was reinstated to her position, had previously completed a probationary period, and, therefore, met the definition of employee under 5 U.S.C. § 7511(a)(1)(A)(i) because she was not serving a probationary period under an initial appointment at the time of her termination.  *Id.* at 3-5.  The agency has responded to the petition for review.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5       The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Whether an individual in the competitive service has the right to appeal an adverse action depends on whether she is an "employee" under 5 U.S.C. § 7511(a)(1)(A). *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). 5 U.S.C. § 7511(a)(1)(A) defines an employee as an individual in the competitive service who (i) is not serving a probationary period under an initial appointment, or (ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A). In an adverse action appeal, an appellant is entitled to a hearing on jurisdiction if she makes a nonfrivolous claim of Board jurisdiction, at which she must prove jurisdiction by preponderant evidence. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). Nonfrivolous allegations are allegations of fact that, if proven, could establish that the Board has jurisdiction over the matter at issue. *Walker*, 119 M.S.P.R. 391, ¶ 6 n.2.

The administrative judge correctly found that the appellant was not an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii).

¶6       The administrative judge correctly found that the appellant does not meet the definition of employee under 5 U.S.C. § 7511(a)(1)(A)(ii) because she lacked 1 year of current continuous service. ID at 4-5. "Current continuous service" means "a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday." *Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶ 14 (2005). The appellant resigned from her immediately previous Federal position, with the Department of Housing & Urban Development, effective September 30, 2014, and thus had a 9-month break in service prior to her June 29, 2015 appointment with the agency. IAF, Tab 5 at 82, 112. Therefore, the administrative judge correctly found that the

appellant did not meet the definition of an employee under 5 U.S.C. § 7511(a)(i)(A)(ii).

The appellant has raised a nonfrivolous allegation that she was an employee under 5 U.S.C. § 7511(a)(1)(A)(i).

¶7 An agency may appoint by reinstatement to a competitive-service position an individual who previously was employed under a career or career-conditional appointment. 5 C.F.R. § 315.401(a). Under 5 C.F.R. § 315.801, the first year of service of an employee who is given a career or career-conditional appointment in the competitive service is a probationary period when, among other things, the employee was reinstated under subpart D (5 C.F.R. § 315.401), unless during any period of service that affords a current basis for reinstatement, the employee completed a probationary period or served with competitive status under an appointment that did not require a probationary period. In other words, when an agency appoints an individual using reinstatement authority, the individual must serve a probationary period unless during any prior service that forms the current basis for the reinstatement, the individual completed probation or did not have to serve a probationary period. 5 C.F.R. §§ 315.401, 801(a).

¶8 The parties do not contest that the appellant was appointed to her position by reinstatement. PFR File, Tab 1 at 4, Tab 4 at 4. The Standard Form 50 (SF-50) documenting her appointment reflects that she was appointed by reinstatement under 5 C.F.R. § 315.401. IAF, Tab 5 at 83. Although "the SF-50 is not a legally operative document controlling on its face an employee's status and rights," it still can be considered as evidence when determining the nature of an action. *Grigsby v. Department of Commerce*, 729 F.2d 772, 776 (Fed. Cir. 1984). In sum, because the parties agree that the appellant was appointed by reinstatement and the record supports that conclusion, she is subject to the regulations at 5 C.F.R. § 315.801(a)(2) regarding probationary periods for individuals appointed through reinstatement.

¶9 The appellant argues on review, as she did below, that she previously completed a probationary period during a period affording a current basis for her reinstatement and, therefore, under 5 C.F.R. §§ 315.401 and 315.801(a)(2), she was not required to serve a probationary period with the agency. PFR File, Tab 1 at 4-5; IAF, Tab 1 at 4. The administrative judge did not address this argument, instead conducting an analysis under 5 C.F.R. § 315.802(b) to determine if the appellant's prior service could be "tacked" to her more recent agency service to find that she completed her current probationary period for jurisdictional purposes. ID at 4. However, any "tacking" analysis would be irrelevant if the appellant was not required to serve a probationary period with the agency because she completed a probationary period during a period affording a current basis for her reinstatement.

¶10 The Board addressed a situation similar to that presented by this appeal in *Abdullah v. Department of the Treasury*, 113 M.S.P.R. 99 (2009). The agency in that appeal terminated the appellant during what it believed was his probationary period, but the Board noted that the appellant might have been appointed to his position through reinstatement and, if that were the case and he met the criteria of 5 C.F.R. § 315.802(a)(2), then he met the statutory definition of an employee. *Id*., ¶¶ 11-13. Because the record had not been developed regarding these issues, the Board in *Abdullah* remanded the appeal to further develop the record.[2] *Id*., ¶ 14.

¶11 Here, the record is also not adequately developed to address the appellant's arguments. Therefore, we remand this appeal to the administrative judge to take

[2] The agency argues that this appeal is controlled by the U.S. Court of Appeals for the Federal Circuit's decision in *Shelton v. Department of the Air Force*, 382 F.3d 1335 (Fed. Cir. 2004). We have considered the decision and find it inapposite. Unlike the case at bar, in *Shelton* there is no suggestion that the appellant was reinstated under the authority of 5 C.F.R. § 315.401. Although the court used the term "reinstatement" to describe the rehiring of the appellant to the same position 13 years after he departed, it appears that the court used the word in its common meaning and not as a term of art as used in the regulation.

additional evidence and argument regarding the nature of the appellant's appointment with the agency, what prior appointment(s) served as a basis for the appellant's reinstatement, and whether she completed a probationary period during the appointment(s). The administrative judge shall afford the appellant a hearing on these jurisdictional issues.

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.