# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

No. 24-1304C
(Filed: March 31, 2025)

|  |  |
|---|---|
| **ANGELA A. JOSEPH**, | ) |
|  | ) |
| *Plaintiff,* | ) |
|  | ) |
| v. | ) |
|  | ) |
| **UNITED STATES**, | ) |
|  | ) |
| *Defendant.* | ) |
|  | ) |

*Angela A. Joseph, MD,* Flint, MI, pro se.[1]

*Kara M. Westercamp,* Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant. With her on the briefs were *Brett A. Shumate*, Acting Assistant Attorney General, and *Patricia M. McCarthy*, Director, *Tara K. Hogan*, Assistant Director, and *Pierce Anon*, Law Clerk, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC.

## OPINION AND ORDER

***BONILLA, Judge***.

Plaintiff Angela A. Joseph, MD alleges the United States Department of Veterans Affairs (VA) breached her employment contract. Specifically, Dr. Joseph maintains she was wrongfully terminated for alleged misconduct notwithstanding being cleared of any wrongdoing by an internal medical review board. Dr. Joseph seeks over $1.35 million in back pay and constructive service benefits. Before seeking relief in this Court, Dr. Joseph initially challenged (and then abandoned) her adverse employment action in the United States Merit Systems Protection Board (MSPB).[2] *See Joseph v. Dep't of Veterans Affs.*, No. 19-184, 2019 WL 1047598 (M.S.P.B. Feb. 25, 2019). She then filed suit (and exhausted her appeals) in the United States District

---

[1] With plaintiff's consent, the Court referred this matter to the Pro Bono Referral Program on December 10, 2024. Dr. Joseph was thereafter represented by counsel until her counsel withdrew on March 5, 2025.

[2] Dr. Joseph consented to the voluntary dismissal of her appeal for lack of jurisdiction in response to the MSPB's order to show cause. *See* ECF 24 at 19–20.

Court for the Eastern District of Michigan, wherein she unsuccessfully claimed that her termination was the result of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq. See Joseph v. Sec'y of Dep't of Veterans Affs.*, No. 19-10828, 2021 WL 4785932 (E.D. Mich. July 12, 2021), *report and recommendation adopted*, No. 19-10828, 2021 WL 4316854 (E.D. Mich. Sept. 23, 2021), *aff'd sub nom. Joseph v. McDonough*, No. 21-1736, 2022 WL 19837507 (6th Cir. Dec. 27, 2022), *cert. denied*, __ U.S. __, 144 S. Ct. 103 (2023). Pending before the Court is defendant's motion to dismiss the complaint, as amended, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC).[3] For the reasons set forth below, defendant's motion is GRANTED.

## BACKGROUND

The VA appointed Dr. Joseph to a regular full-time physician position effective September 1, 2016. The appointment was made pursuant to 38 U.S.C. § 7401(1), subjecting Dr. Joseph to a mandatory two-year probationary period.[4] *Id.* § 7403(a)(2)(A) & (b)(1). On March 16, 2018, Dr. Joseph formally received clinical privileges at the Aleda E. Lutz VA Medical Center, located in Saginaw, Michigan. Six weeks prior to the end of her probationary period (a/k/a tour of duty), a Professional Standards Board (PSB) conducted a formal review of Dr. Joseph's performance. Concerns about Dr. Joseph's treatment of three patients entrusted to her care on May 7–8, 2018, and the VA's internal investigation into the incidents are summarized in the collateral district court case. *See Joseph*, 2021 WL 4785932, at *1–3. The PSB recommended that Dr. Joseph be separated for "substandard care, professional misconduct or professional incompetence." *See* ECF 12 at 13. The PSB further proposed revoking Dr. Joseph's hospital privileges. The Acting VA Medical Center Director agreed, formally notifying Dr. Joseph in accordance with 5 C.F.R. § 315.804 that she would be terminated for unsatisfactory performance or conduct effective August 27, 2018. The Notification of Personnel Action/Standard Form 50 (SF-50) documents Dr. Joseph's probationary period termination for unsatisfactory performance or conduct effective on that date.

The August 3, 2018 notice of separation during probation further informed Dr. Joseph that an internal fair hearing and appeal would convene to determine whether her revocation of hospital privileges merited reporting to the National Practitioner Data Bank (NPDB) and the appropriate state licensing board. Whatever the results of this administrative review, the notice stated Dr. Joseph's termination would not be revisited:

---

[3] Defendant filed the dispositive motion on December 20, 2024. After a series of extensions of time, Dr. Joseph filed her response on March 27, 2025. Defendant's reply brief and oral argument are not necessary to resolve the jurisdictional issue presented.

[4] The VA previously employed Dr. Joseph for a period of seven months in 2012, before she returned to private practice. She reportedly worked for the VA again in 2013 and 2015. Dr. Joseph's previous federal employment is reflected in her backdated March 14, 2016 Service Computation Date (SCD) for accruing leave and certain benefits. However, Dr. Joseph's gaps in service allowed the VA to impose a new probationary period. *See Shelton v. Dep't of the Air Force*, 382 F.3d 1335, 1337 (Fed. Cir. 2004).

The fair hearing and appeal in regards to the reasons for the revocation of your privileges resulting from your separation will not result in your reinstatement to federal service but will merely determine whether or not the revocation was a result of substandard care, professional incompetence or professional misconduct.

ECF 12 at 13. By letter dated November 6, 2018—over two months *after* her termination—the VA notified Dr. Joseph that the fair hearing and appeal process "found no findings of substandard care, professional misconduct, or professional incompetency regarding the three cases presented." ECF 4 at 25. Consequently, the VA did not file a report with either the NPDB or the State Licensing Board of Michigan. Documentation related to Dr. Joseph's hospital privileges was amended to reflect the following status: "expired in good standing as of August 27, 2018." *See id.*

## DISCUSSION

### I. Standard of Review

This Court's statutorily prescribed jurisdiction to adjudicate claims and grant relief requires an affirmative waiver of sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399 (1976). When the Court's authority to entertain a cause of action is challenged or otherwise called into question under RCFC 12(b)(1), the onus is on the plaintiff to present preponderant evidence that jurisdiction is proper. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). In evaluating the jurisdictional propriety of a claim, the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Catawba Indian Tribe v. United States*, 982 F.2d 1564, 1568–69 (Fed. Cir. 1993)). Mindful that Dr. Joseph is currently proceeding pro se, the Court construes her pleadings liberally. *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citing cases). Nevertheless, her obligation to present preponderant evidence establishing jurisdiction remains.

### II. Probationary Separation

As explained by the United States Court of Appeals for the Eleventh Circuit:

Appointments of physicians in the VA system are made under one of two statutory provisions. One of them, 38 U.S.C. § 7405(a)(1)(A), governs temporary appointments, whether they are full-time or part-time, and whether they are with or without compensation. The other provision, 38 U.S.C. § 7401(1), governs all permanent appointments of physicians, which are subject to a two-year probationary period set out in 38 U.S.C. § 7403(b). During that two-year period, a board reviews the record of each probationary physician, and if it determines that the physician is not "fully qualified and satisfactory," he or she is terminated. 38 U.S.C. § 7403(b)(2) (2007). A physician who receives a

permanent appointment and has successfully completed the two-year probationary period has substantially more job protection than one who is still on probation. *See* VA Handbook 5021/5, Part V, Ch.1, ¶ 1.

*Durr v. Shinseki*, 638 F.3d 1342, 1344–45 (11th Cir. 2011) (footnotes omitted). Notwithstanding her conceded appointment under 38 U.S.C. § 7401(1) and subsequent termination during her probationary period, Dr. Joseph claims that the VA breached her employment contract. Dr. Joseph further asserts that the ultimate finding of the fair hearing and appeal merits reversal of her probationary separation.

Consistent with the governing statutory schemes and law in this circuit, this Court has long held that physicians appointed by the VA under 38 U.S.C. § 7401(1) cannot assert a viable breach of contract claim related to the terms of their employment. *Federico v. United States*, 70 Fed. Cl. 378, 382–86 (2006). Instead, the sole avenues of potential judicial redress are governed by the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq. See Refaei v. United States*, 129 Fed. Cl. 1, 17–20 (2016), *aff'd,* 725 F. App'x 945 (Fed. Cir. 2018); *Durr*, 638 F.3d at 1349 & n.5. This Court does not possess subject matter jurisdiction to hear claims under either statutory scheme. *Refaei*, 129 Fed. Cl. at 18 ("The law is clear that, because the CSRA gives the MSPB and the Federal Circuit exclusive jurisdiction over certain federal personnel matters, it does not envision any review by the Court of Federal Claims for those same claims.") (cleaned up) (collecting cases); *Knighten v. United States*, No. 24-1563, 2024 WL 4457474, at *2 (Fed. Cir. Oct. 10, 2024) ("Title VII itself confers jurisdiction only on the federal district courts, 42 U.S.C. § 2000e-5(f)(3), and the [Court of Federal Claims] is not a district court.") (citing *Gardner v. United States*, 439 F. App'x 879, 881 (Fed. Cir. 2011)). Further, as noted above, Dr. Joseph already exhausted both remedies. Put simply, this Court lacks the statutory authority to hear Dr. Joseph's claims.[5]

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) (ECF 12) is GRANTED. The Clerk of Court is directed to ENTER judgment accordingly. No costs.

---

[5] The Court appreciates Dr. Joseph's confusion (and frustration) caused by the seemingly inconsistent positions taken by the VA when it terminated her employment following the PSB's finding of "substandard care, professional misconduct or professional incompetence," ECF 12 at 13, but then declined to report her to the NPDB and the state licensing board after the fair hearing and appeal "found no findings of substandard care, professional misconduct, or professional incompetency regarding the three cases presented." ECF 4 at 25. Unfortunately, this Court is not authorized by Congress to adjudicate such claims and, in light of Dr. Joseph's probationary status, it appears from her collateral litigation that the issue is exempted from judicial review. *See Weber v. Dep't of Veterans Affs.*, 521 F.3d 1061, 1067 (9th Cir. 2008) (judicial review not available for probationary employees appointed under 38 U.S.C. § 7401(1) seeking to challenge recommendations of internal review boards).

It is so **ORDERED**.

Armando O. Bonilla
Judge