NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5002

JERRY P. MCNEIL,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Jerry P. McNeil, of Owasso, Oklahoma, pro se.

Steven M. Mager, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Todd M. Hughes, Deputy Director.

Appealed from:  United States Court of Federal Claims

Judge Margaret M. Sweeney

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5002

JERRY P. MCNEIL,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 06-CV-747, Judge Margaret M. Sweeney.

_____

DECIDED: June 5, 2008

_____

Before MICHEL, <u>Chief Judge</u>, LINN, <u>Circuit Judge</u>, and ZAGEL, <u>District Judge</u>.[*]

PER CURIAM.

Plaintiff-Appellant Jerry P. McNeil brought suit in the United States Court of Federal Claims challenging a levy imposed on his federal retirement annuity to collect back taxes and penalties. The Court of Federal Claims dismissed McNeil's action for lack of subject matter jurisdiction. <u>McNeil v. United States</u>, 78 Fed. Cl. 211, 239 (2007). We <u>affirm</u>.

---

[*] Honorable James B. Zagel, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

## I. BACKGROUND

McNeil is a retired federal employee who receives annuity payments from the Civil Service Retirement and Disability fund. He has refused to pay income tax on those annuity payments. In 2006, the Internal Revenue Service ("IRS") served a Notice of Levy on the Office of Personnel Management ("OPM") to collect McNeil's unpaid taxes for tax years 2002 and 2003, along with penalties from 1999 through 2003. OPM informed McNeil that it would reduce his retirement annuity payments as required by the levy, and it explained to McNeil that he must contact the IRS if he intended to challenge the levy.

McNeil instead brought suit in the Court of Federal Claims. In his pro se complaint, McNeil objected to the IRS's assessment of any tax on his retirement annuity, the IRS's levy of the annuity, and OPM's execution of the levy. His complaint raised numerous constitutional, statutory, and regulatory theories purportedly supporting these objections. As the Court of Federal Claims correctly explained, "[a]ll of [McNeil's] objections are premised on his belief that his retirement annuity is property, and not income subject to taxation." McNeil, 78 Fed. Cl. at 215-16.

The government moved to dismiss for lack of subject matter jurisdiction. In a detailed opinion, the Court of Federal Claims addressed each of McNeil's asserted claims and jurisdictional theories, concluded that it lacked subject matter jurisdiction, and granted the government's motion. McNeil appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3). "We review the judgment of the Court of Federal Claims to dismiss for lack of jurisdiction de novo." Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1300 (Fed. Cir. 2004).

## II. DISCUSSION

"The Court of Federal Claims is a court of limited jurisdiction." <u>Southfork Sys., Inc. v. United States</u>, 141 F.3d 1124, 1132 (Fed. Cir. 1998). "[T]o establish jurisdiction under the Tucker Act for a suit for money damages, 'a plaintiff must identify a separate source of substantive law that creates the right to money damages,' in other words, 'that source must be "money-mandating."'" <u>Ferreiro v. United States</u>, 501 F.3d 1349, 1351-52 (Fed. Cir. 2007) (quoting <u>Fisher v. United States</u>, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)). Liberally construed, McNeil's brief on appeal raises four possible sources of substantive law: (1) the Administrative Procedure Act; (2) the authority of the Court of Federal Claims to adjudicate a tax dispute; (3) the Takings Clause; and (4) 5 U.S.C. §§ 8346 and 8470. We address each in turn.

First, regardless of whether McNeil could have obtained review in federal district court under the Administrative Procedure Act, he cannot obtain review under that act in the Court of Federal Claims. The Court of Federal Claims "lacks the general federal question jurisdiction of the district courts, which would allow it to review [an] agency's actions and to grant relief pursuant to the Administrative Procedure Act." <u>Crocker v. United States</u>, 125 F.3d 1475, 1476 (Fed. Cir. 1997)

Second, the Court of Federal Claims has jurisdiction under the Tucker Act for actions seeking a refund of taxes only when the plaintiff has satisfied the "full payment rule." <u>Shore v. United States</u>, 9 F.3d 1524, 1526 (Fed. Cir. 1993) (citing <u>Flora v. United States</u>, 362 U.S. 145, 150 (1960)). Under the "full payment rule," a taxpayer must fully pay disputed taxes and seek a refund from the IRS before filing suit. <u>See</u> <u>id.</u> McNeil has neither fully paid his taxes nor sought a refund.

Third, the Takings Clause does not provide a basis for jurisdiction, because McNeil has not conceded the validity of the challenged tax, levy, and execution. See Crocker, 125 F.3d at 1476 (holding that the Tucker Act does not create jurisdiction in the Court of Federal Claims for a party that challenges the validity of a taking); Tabb Lakes, Ltd. v. United States, 10 F.3d 796, 802 (Fed. Cir. 1993) ("[The] claimant must concede the validity of the government action which is the basis of the taking claim to bring suit under the Tucker Act.")  To the contrary, McNeil has insisted—both in his complaint and on appeal—that the actions of the IRS and OPM were "wrongful."

Finally, McNeil cites 5 U.S.C. §§ 8346 and 8470 and claims that the Court of Federal Claims ignored a binding decision of the Merit Systems Protection Board—by which he presumably means the original decision to award him a retirement annuity. Sections 8346 and 8470 both provide that certain retirement benefits are not subject to levy "except as otherwise may be provided by Federal laws."  Neither section mandates the payment of money damages, and therefore neither section can be the basis for Tucker Act jurisdiction.

The Court of Federal Claims therefore properly granted the government's motion to dismiss for lack of subject matter jurisdiction.  Because the remainder of McNeil's arguments on appeal address the merits of his underlying claim rather than the jurisdiction of the Court of Federal Claims, we need not address them.

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the Court of Federal Claims.