NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SANDRA JOHNSON GARDNER,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant-Appellee.*

---

2011-5065

---

Appeal from the United States Court of Federal Claims in case no. 10-CV-451, Judge George W. Miller.

---

Decided: July 26, 2011

---

SANDRA JOHNSON GARDNER, of Birmingham, Alabama, pro se.

JANE C. DEMPSEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were TONY WEST, Assistant Attorney Division, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.

---

Before RADER, *Chief Judge*, FRIEDMAN[*], and LINN, *Circuit Judges*.

PER CURIAM.

Sandra Gardner appeals from the Court of Federal Claims, which dismissed her complaint as outside of its jurisdiction. This court agrees that Ms. Gardner's claim is beyond the Court of Federal Claims' jurisdiction.

I

Ms. Gardner began working as a licensed practical nurse for the United States Department of Veterans Affairs ("VA") in 1997 at its Birmingham VA Medical Center. In 2000 and 2001, Ms. Gardner filed several formal complaints with the Equal Employment Opportunity Commission ("EEOC"). The complaints, which were based on several different incidents, alleged that Ms. Gardner was discriminated against on the basis of race, sex, and disability. Additionally, the later filed complaints alleged that Ms. Gardner was subjected to retaliatory action for her earlier complaints. The complaints were consolidated into two different proceedings. The first proceeding ended in a determination that the evidence did not demonstrate proof of unlawful discrimination.

The second proceeding, central to Ms. Gardner's present appeal, focused on allegations of discrimination on the basis of sex, disability, and retaliatory actions for previous complaints. The administrative judge determined that one of the two complaints, Case No. 2001-2958, stated claims identical to claims Ms. Gardner brought in *Hampton v. Department of Veterans Affairs*, a proceeding in the Northern District of Alabama. The

---

[*] Judge Friedman, who passed away July 6, 2011, did not participate in this decision.

administrative judge notified the parties, who agreed, and dismissed the claims of Case No. 2001-2958.

The administrative judge concluded that Ms. Gardner had been subjected to unlawful retaliatory treatment for previous complaints. However, the administrative judge also determined that Ms. Gardner had not been discriminated against on the basis of sex or a disability. In a final order, the VA accepted the administrative decision "in its entirety," including the recommended corrective actions. This included paying Ms. Gardner $20,000.00 in compensatory damages. The record indicates that the VA complied with the order and instituted the administrative judge's recommendations.

In the *Hampton* litigation, the district court judge entered summary judgment in favor of the VA after Ms. Gardner and the other plaintiffs failed to respond to the VA's requests for admissions. The plaintiffs appealed, and the Eleventh Circuit dismissed the case as frivolous.

Ms. Gardner then filed another case in the Northern District of Alabama, based on the same alleged facts raised in her previous complaints. The district court found that the claims were barred by res judicata, and the Eleventh Circuit agreed. *Gardner v. Nicholson*, No. 05-14243, 2006 WL 1490124 (11th Cir. May 30, 2006).

Ms. Gardner filed the present complaint in the Court of Federal Claims on July 12, 2010. Ms. Gardner contends that the United States owes her $10,200,000.00, the amount sought in the *Hampton* litigation. Ms. Gardner's theory seems to be that because the VA accepted the administrative judge's conclusions concerning retaliatory discrimination, the VA somehow accepted all of Ms. Gardner's allegations. The United States moved to dismiss the case, contending that the Court of Federal Claims lacked jurisdiction to hear Ms. Gardner's case.

The court, construing Ms. Gardner's pro se complaint liberally, found that Ms. Gardner alleged jurisdiction under 28 U.S.C. § 1491, the Tucker Act. As for the substantive basis for her Tucker Act claim, the court found that Ms. Gardner alleged causes of action based on a breach of contract theory and under Title VII of the Civil Rights Act. The court ultimately concluded that Ms. Gardner had failed to allege a "non-frivolous" basis for jurisdiction and dismissed the case. Ms. Gardner filed a timely appeal.

## II

The Tucker Act establishes jurisdiction in the Court of Federal Claims for claims against the United States "founded" upon "any Act of Congress . . . or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Act, "of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *Perri v. United States*, 340 F.3d 1337, 1340 (Fed. Cir. 2003) (quoting *United States v. Testan*, 424 U.S. 392, 398 (1976)). A plaintiff must therefore also allege a substantive basis for her complaint that falls within the parameters of the Tucker Act. For the reasons explained below, this court agrees that Ms. Gardner has failed to identify a substantive basis for her claims under the Tucker Act.

Ms. Gardner contends she is attempting to enforce a contract with the VA, creating jurisdiction under the Tucker Act. Specifically, she contends that the VA entered into a contract with her by accepting the findings of the administrative judge and implementing the recommendations in an order. The record, though, indicates that the VA has already complied with the recommenda-

tions of the administrative judge. Regardless, for purposes of establishing jurisdiction, Ms. Gardner has failed to establish that the VA's administrative order creates a contract between herself and the United States. Ms. Gardner does not point to a single case where an administrative order was treated as a contract.

Moreover, Ms. Gardner fails to allege how the administrative order contains any of the essential attributes of a government contract, such as "mutuality of intent" between the two parties. *See Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003). The order at issue here was not part of a settlement or consent decree, but was arrived at after a decision issued by an administrative judge. The VA's order is therefore more similar to a "judicial decree" than a contract. *Cf. United States v. ITT Continental Baking Co.*, 420 U.S. 223, 237 n.10 (1975) (contrasting "judicial decrees" and "administrative orders" with "contracts"). This court agrees with the Court of Federal Claims that Ms. Gardner has failed to present even a "non-frivolous allegation" that the VA order constitutes a contract. *Hanlin*, 214 F.3d at 1321.

Next, Ms. Gardner contends that Title VII of the Civil Rights Act provides a substantive basis for jurisdiction under the Tucker Act. The Court of Federal Claims, however, does not have jurisdiction over Title VII claims. *See Taylor v. United States*, No. 2008-5064, 2009 WL 330866, *3 (Fed. Cir. Feb. 11, 2009) (unpublished). This court has explained that where a "specific and comprehensive scheme for administrative and judicial review is provided by Congress, the Court of Federal Claims' Tucker Act jurisdiction over the subject matter covered by the scheme is preempted." *Wilson v. United States*, 405 F.3d 1002, 1009 (Fed. Cir. 2005) (citations omitted). The Supreme Court has found Title VII to be "an exclusive, pre-emptive administrative and judicial scheme for the

redress of federal employment discrimination." *Brown v. General Services Administration*, 425 U.S. 820, 829 (1975). The Court further noted that Title VII "permits an aggrieved employee to file a civil action in a federal district court." *Id.* at 832; *see also* 42 U.S.C. § 2000e-5(f)(3). Title VII claims are properly asserted in the appropriate district court, as the VA informed Ms. Gardner. The Court of Federal Claims was correct in concluding that Ms. Gardner's Title VII claim was not properly before it.

## III

The appeal is **AFFIRMED**.