REYNA, Circuit Judge.
Richard Higbie appeals the Court of Federal Claims’ dismissal of his claim for money damages against the United States Government for alleged breach of a confidentiality provision in an alternative dispute resolution agreement. The Court of Federal Claims determined that a purely non-monetary form of relief was available for any potential breach and, as a result, required Mr. Higbie to show the agreement could be fairly interpreted to contemplate damages. The Court of Federal Claims found that Mr. Higbie failed to make the required showing and dismissed his case for lack of jurisdiction under the Tucker Act. We agree that Mr. Higbie has not shown that the agreement in question can be fairly interpreted to contemplate money damages in the event of breach. As a result, the Court of Federal Claims lacked jurisdiction under the Tucker Act. We therefore affirm,.
BACKGROUND
-Mr. Higbie was employed as a Senior Criminal Investigator in the Dallas office of the Bureau of Diplomatic Security, a division of the United States State Department (“State Department”). In January 2009, Mr. Higbie contacted an equal employment opportunity (“EEO”) counsel to complain of alleged reprisal by the State Department for activity he had engaged in which he claimed was protected under the Civil Rights Act of 1964. Mr. Higbie filed a formal complaint in April 2009 and submitted a request that his complaint be processed through the State Department’s alternative dispute resolution (“ADR”) program. The Government approved his case for mediation.
During the lead up to the mediation, Mr. Higbie repeatedly inquired whether the mediation proceedings would be confidential. On several occasions, a State Department representative confirmed that they would be. According to Mr. Higbie, he was “purposefully negotiating” for confidentiality of the mediation by his repeated *992 questions so as to prevent his supervisors from “using anything that occurred” during the proceedings against him in' his employment.
Three of Mr. Higbie’s supervisors, including Marian Cotter and Jeffrey Thomas, signed the mediation agreement that would govern the proceedings. That agreement included the following confidentiality provision:
Mediation is a confidential process. Any documents submitted to the mediator(s) and statements made during the mediation are for settlement purposes only.
J.A. 127 (underlining in original). The parties did not resolve their dispute through mediation, and the EEO investigation continued. After the mediation, Ms. Cotter and Mr. Thomas provided affidavits to the EEO investigator, which are the basis for Mr. Higbie’s claim for breach of contract. In their affidavits, Ms. Cotter and Mr. Thomas discussed the nature and content of Mr. Higbie’s statements in the mediation proceedings and cast his participation in the proceedings in a negative light.
In October 2011, Mr. Higbie filed suit in the Federal District Court for the Northern District of Texas, asserting numerous causes of action, including claims for retaliation and discrimination. Mr. Higbie’s complaint also included a claim for violation of the Alternative Dispute Resolution Act of 1996 (“ADRA claim”) arising out of the two affidavits, provided by Ms. Cotter and Mr. Thomas, to the EEO-assigned investigator. According to Mr. Higbie, the information obtained through the mediation process was governed by a strict confidentiality provision outlined in the mediation agreement, and the disclosure of the affidavits constituted a breach of that provision.
The State Department moved to dismiss the ADRA claim for failure to state a claim upon which relief can be granted because the ADRA statute does not provide for recovery of money damages for breach of a confidentiality agreement. The district court granted the motion and also granted Mr. Higbie leave to file an amended complaint. Through amendment, Mr. Higbie removed his ADRA claim and, in its stead, alleged a claim sounding in contract for breach of the confidentiality provision. Mr. Higbie moved to transfer the newly added contract claim to the Court of Federal Claims. The district court granted the motion, leaving Mr. Higbie’s other claims pending before the district court. Mr. Higbie then filed a transfer complaint in the Court of Federal Claims.
After the transfer, the Government moved in the Court of Federal Claims to dismiss Mr. Higbie’s complaint for lack of jurisdiction on the grounds that the mediation agreement did not meet the judicially-imposed requirement that the agreement in question be money-mandating. In opposing the motion, Mr. Higbie argued that all mediation agreements contemplate money damages for breach of confidentiality agreements. Mr. Higbie drew support from a single case from California dealing with money damages, a single state statute from Florida discussing money damages for breach of confidentiality in mediation, and a series of other cases having no relation to the award of money damages for breach of a confidentiality provision.
The Court of Federal Claims found Mr. Higbie’s arguments unpersuasive. The court acknowledged the presumption that a damages remedy is available for breach of contract. Where a purely non-monetary remedy exists, however, the court explained that it can require a showing that the contract can be fairly read to contemplate monetary damages before it may ex *993 ercise jurisdiction under the Tucker Act. Here, the court found the agreement in the dispute “clearly does not contemplate money damages,” nor does it “address anything remotely monetary.” Higbie v. United States, 113 Fed.Cl. 358, 364 (2013). Further, it found that the non-binding authorities Mr. Higbie cited do not establish that money damages should be awarded for any breach of mediation confidentiality in this case. Id. at 365. Thus, the Court of Federal Claims concluded that Mr. Hig-bie had not met his burden of showing the agreement could be .fairly read to contemplate money damages, and dismissed his complaint for lack of jurisdiction.
Mr. Higbie appeals the dismissal of his complaint. We have jurisdiction under 28 U.S.C. § 1295(a)(3).
DISCUSSION
We review a dismissal by the Court of Federal Claims for lack of jurisdiction de novo. Holmes v. United States, 657 F.3d 1303, 1309 (Fed.Cir.2011).
I
The Tucker Act confers jurisdiction upon the Court of Federal Claims over “any claim against the United States founded ... upon any express or implied contract with the United States.... ” 28 U.S.C. § 1491(a)(1) (2011). This jurisdictional provision operates to waive the sovereign immunity of the United States for claims premised on other sources of law, such as a contract or statute. United States v. Navajo Nation, 556 U.S. 287, 290, 129 S.Ct. 1547, 173 L.Ed.2d 429 (2009). The Tucker Act, however, does not create a substantive cause of action, and, as such, “a plaintiff must identify a separate source of substantive law that creates the right to monetary damages.” Fisher v. United States, 402 F.3d 1167, 1172 (Fed.Cir.2005). While the separate source of law need not explicitly provide for enforcement through damages, liability is triggered only if the source can .be fairly interpreted as mandating compensation from the Government. Navajo Nation, 556 U.S. at 290, 129 S.Ct. 1547 (citation omitted).
Contract law is a separate source of law compensable under the Tucker Act. See id. As with private agreements, when a government contract is breached, there is a presumption that a damages remedy will be available. Sanders v. United States, 252 F.3d 1329, 1334 (Fed.Cir.2001). Typically, in a contract case, the presumption that money damages are available satisfies the Tucker Act’s money-mandating requirement. Holmes, 657 F.3d at 1314.
The Government, however, has not consented to suit under the Tucker Act for every contract. Rick’s Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed.Cir.2008) (citations omitted). For instance, contracts that are entirely concerned with the conduct of parties in a criminal case, without a clear, unmistakable statement triggering monetary liability, do not invoke Tucker Act jurisdiction. Sanders, 252 F.3d at 1336. Express disavowals of money damages within a contract’s terms likewise defeat jurisdiction. Holmes, 657 F.3d at 1314. Tucker Act jurisdiction may also be lacking if relief for breach of contract could be entirely non-monetary. In such a case, it is “proper for the court to require a demonstration that the agreements could fairly be interpreted as contemplating monetary damages in the event of breach.” Id. at 1315.
II
Mr. Higbie argues that he presented sufficient evidence to demonstrate that the mediation agreement can fairly be interpreted as contemplating monetary damages. To support his contention, Mr. Hig- *994 bie purports to rely on (1) the terms of the contract itself; (2) negotiations in which he asked the government to confirm that the mediation would be confidential; and (3) instances of legislative and judicial support for awarding damages for breach of a confidentiality provision. In an effort to show that the terms of the contract fairly contemplate money damages, Mr. Higbie cites portions of the Equal Employment Opportunity Commission’s website, which recognize the importance of confidentiality to mediation, and congressional findings discussing the general benefits of ADR proceedings, such as efficiency at achieving settlements and reducing backlog in the federal courts.
In response, the Government argues that there is no indication the terms of the mediation agreement contemplated money damages. Regarding Mr. Higbie’s requests that the Government confirm the confidentiality of the proceedings, the Government contends that Mr. Higbie has not shown that he contemplated money damages for a bréach of the confidentiality provision, or that he communicated any such belief to the Government. Rather, according to the Government, the confidentiality provision in question appears to be nothing more than the standard clause that appears in all such mediation agreements. Relying on Rule 408 of the Federal Rules of Evidence, which deems inadmissible as evidenc® the “conduct or statements made in compromise negotiations,” the Government argues the appropriate, non-monetary remedy in such circumstances is exclusion of any improper disclosures from future proceedings.
As a threshold issue, we must decide whether it was appropriate for the Court of Federal Claims to require Mr. Higbie to show that the agreement fairly contemplated monetary damages. While the agreement does not provide a monetary remedy, it does restrict the use of statements made during mediation to “settlement purposes only.” J.A. 27 (emphasis added). In other words, any statements made during the mediation must not be used for any purpose other than settlement. Thus, the agreement itself provides a remedy for the breach of the non-disclosure provision: exclusion of statements made during mediation from proceedings unrelated to the mediation. Per the terms of the agreement, the affidavits of Ms. Cotter and Mr. Thomas could be excluded from the EEO investigation. The appropriateness of this remedy is consistent with Rule 408 of the Federal Rules of Evidence, which excludes the content of parties’ negotiations from other legal proceedings. This provision requiring the exclusion of statements made during the mediation proceeding from any other proceeding is a purely non-monetary remedy provided by the agreement. It follows that the Court of Federal Claims did not err in imposing the requirement to show that the agreement could be fairly interpreted as contemplating money damages. Holmes, 657 F.3d at 1315.
Next, we consider whether Mr. Higbie has shown that the agreement can be fairly interpreted as contemplating money damages. On appeal, Mr. Higbie argues the terms of the agreement itself show that it contemplates money damages, but he does not point to a single provision in the agreement indicating money damages were contemplated. Having reviewed the 'agreement, we perceive no error in the Court of Federal Claims’ finding that it does not expressly contemplate money damages. As such, the terms of the agreement itself do not support the assertion that the agreement can be fairly interpreted to contemplate money dam *995 ages.[1]
Similarly, Mr. Higbie relies on his negotiations with the Government, without pointing to any communication in which it is apparent that either party contemplated the availability of money damages for breach of the agreement. Thus, the confidentiality discussions also do not support the assertion that the agreement contemplated money damages.
Finally, Mr. Higbie’s appeal to non-binding and inapplicable legal authority and governmental policy is unavailing. Mr. Higbie cited only non-controlling state law before the Court of Federal Claims and cites no case law in his appeal brief before this court. The single statute he cites governs breaches in Florida. It is well-settled that state law generally does not govern disputes involving contracts to which the Government is a party. Prudential Ins. Co. of Am. v. United States, 801 F.2d 1295, 1298 (Fed.Cir.1986). Additionally, the governmental policies on which Mr. Higbie relies show that confidentiality is an important component of the mediation process but do not speak to the remedy available for breach of confidentiality. Our applicable case law focuses on the existence of a money-mandating provision in the agreements involved in each dispute, not the principles which might be important in legal proceedings involving the Government and a private party. See, e.g., Holmes, 657 F.3d at 1315. In sum, Mr. Higbie fails to show that the mediation agreement involved in this dispute is money-mandating.
Conclusion
The Court of Federal Claims did not err in requiring Mr. Higbie to show that the mediation agreement could be fairly interpreted to contemplate money damages because non-monetary relief was available. Mr. Higbie has failed to make such a showing. The Court of Federal Claims correctly concluded that it does not have jurisdiction over Mr. Higbie’s case under the Tucker Act and, therefore, properly dismissed his claim for breach.
AFFIRMED

. In Cunningham v. United States, 748 F.3d 1172 (Fed.Cir.2014), a case neither party cited, this court considered breach of a confidentiality provision in a settlement agreement and found that the agreement was money-mandating. In Cunningham (as in Holmes), the agreement in question was a settlement agreement that created specific duties owed by the Government to that particular plaintiff, unlike this case where the agreement employs boilerplate common to agreements associated with similar mediation proceedings. The agreement in this case served to guide the mediation process, which in the end was unsuccessful as the parties failed to reach settlement. Additionally, Mr. Higbie does not argue that the agreement creates any specific duty owed by the Government that applies particularly to him.