NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICK BAKER,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2016-1005

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00343-TCW, Judge Thomas C. Wheeler.

---

Decided: March 15, 2016

---

PATRICK BAKER, Texarkana, AR, pro se.

DANIEL S. HERZFELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

---

Before TARANTO, LINN, and HUGHES, *Circuit Judges.*

PER CURIAM.

After Patrick Baker quit his employment with the United States Army under threat of discharge for drinking before work, Mr. Baker charged the Army with racial discrimination in threatening to fire him when it allowed his coworker to continue working despite engaging in the same conduct. The parties settled the dispute, with the Army agreeing to employ Mr. Baker, subject to his meeting certain physical and suitability requirements, and to pay Mr. Baker and his lawyer. When the Army later refused to employ him, Mr. Baker filed administrative charges against the Army, alleging racial discrimination. And when he was unable to secure administrative relief, Mr. Baker filed the present action in the Court of Federal Claims, alleging that the Army racially discriminated against him, committed various torts, wrongfully garnished his tax refund, and breached the settlement agreement.

The court dismissed the case. *Baker v. United States*, 123 Fed. Cl. 203 (2015). It concluded that it lacked jurisdiction over Mr. Baker's racial-discrimination claim, tort claims, or wrongful-garnishment claim. And it concluded that it lacked jurisdiction over the breach-of-contract claim and, in the alternative, that Mr. Baker had not adequately pleaded an actual contract breach.

We affirm the court's dismissal of all claims except the contract claim, as to which we reverse and remand.

## BACKGROUND

Mr. Baker worked at the Army's Red River Army Depot in Texarkana, Texas. The morning of November 12, 2008, he and a coworker drank alcohol before coming to work, and they admitted to doing so when questioned by a supervisor. According to Mr. Baker, the army depot gave him a choice: voluntarily resign and return to a job

he had held with a private company or be fired. He chose to resign.

Mr. Baker's resignation set off two series of events that led him to file the current lawsuit in the Court of Federal Claims. First, although Mr. Baker resigned in the middle of a pay period, the Army erroneously paid him for the entire period. Realizing the mistake, the Defense Finance and Accounting Service attempted to secure the overpaid amount from Mr. Baker. When he did not pay, the Internal Revenue Service subtracted the amount due from the tax refund he was to receive. Mr. Baker now challenges that setoff as a wrongful garnishment of his tax refund.

Second, shortly after he resigned, Mr. Baker learned that the Army let his drink-sharing coworker stay in his job, and in early 2009, Mr. Baker filed an administrative claim that the Army had engaged in racial discrimination in treating him and his coworker differently. In August 2009, the Army and Mr. Baker executed a Negotiated Settlement Agreement of claims described as arising under, *e.g.*, Title VII of the Civil Rights Act of 1964, as amended. The Army agreed to appoint Mr. Baker as a "Heavy Mobile Equipment Repairer WG-5803-08 in the Directorate for Maintenance Production, Travel Division effective not later than September 14, 2009," subject to "his meeting physical requirements for the . . . position and meeting all suitability requirements for placement." S.A. 38. The Army also promised to pay $5,000 to Mr. Baker and the same amount to his attorney. The agreement includes two paragraphs about procedures for handling a breach:

> 6. If the complainant believes that the Army has failed to comply with the terms of this settlement agreement, the complainant shall notify the Director, Equal Employment Opportunity Compliance and Complaints Review (EEOCCR), . . . in

writing, of the alleged noncompliance within 30 calendar days of when the complainant knew or should have known of the alleged noncompliance. . . .

7. The complainant may request that the terms of the settlement agreement be specifically implemented or, alternatively, the complaint be reinstated for further processing from the point processing ceased. If the Director, EEOCCR has not responded to the complainant in writing, or if the complainant is not satisfied with the attempts to resolve the matter, the complainant may appeal to the Equal Employment Opportunity Commission (EEOC) for a determination as to whether or not the Army has complied with the terms of this settlement agreement. The Complainant may file such an appeal to the EEOC 35 calendar days after service of the allegation of noncompliance upon EEOCCR, but not later than 30 calendar days after receipt of the Army determination.

S.A. 39 (emphases in original).

Soon after executing the settlement agreement, Mr. Baker was charged by Arkansas with the offense of domestic battery in the third degree. He pleaded guilty and was sentenced to probation for twelve months. After his conviction, his complaint in this case suggests, he unsuccessfully asked for the job promised in the settlement agreement. Separately, it appears, sometime later he applied for a job with URS Corporation, a government contractor, to do work for URS at the Red River Army Depot. But an Army official determined that Mr. Baker's criminal conviction rendered him unfit to work at the depot, a determination that disqualified him from the URS job.

In October 2013, Mr. Baker filed a new administrative claim of racial discrimination. Both the Army and the

Equal Employment Opportunity Commission dismissed his complaint as untimely. Thereafter, Mr. Baker filed a suit in the United States District Court for the Eastern District of Texas. The district court retained a retaliation claim against URS, but it dismissed all claims against the Army for lack of jurisdiction. It explained that it lacked jurisdiction over Mr. Baker's discrimination claims because he failed to exhaust administrative remedies and that it lacked jurisdiction over his breach-of-contract claim because he sought damages exceeding the $10,000 limit in the Little Tucker Act, 28 U.S.C. § 1346(a)(2), so the Court of Federal Claims had exclusive jurisdiction.

Mr. Baker then filed the present action in the Court of Federal Claims. He asserts four types of claims: (1) a discrimination claim under Title VII; (2) tort claims for defamation of character, infliction of emotional distress, and retaliation; (3) a claim of wrongful garnishment of his tax refund; and (4) a breach-of-contract claim. The government filed a motion to dismiss the case, which the court granted. The court concluded that the Title VII and tort claims fell outside its jurisdiction. *Baker*, 123 Fed. Cl. at 205. It drew the same conclusion as to the wrongful-garnishment and breach-of-contract claims, finding no money-mandating statute or contract provision. *Id.* at 205–06. Finally, the court determined that the breach-of-contract claim independently failed because Mr. Baker did not plead a breach of the settlement agreement. *Id.* at 206.

Mr. Baker appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the dismissal of Mr. Baker's complaint de novo, there being no factual or discretionary determinations by the Court of Federal Claims to which we owe deference. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012) (dismissal for lack of jurisdiction);

*Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (dismissal for failure to state a claim).

The only jurisdictional grant at issue here is the Tucker Act, which gives the Court of Federal Claims "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). While we agree with the Court of Federal Claims that Mr. Baker's Title VII, tort, and wrongful-garnishment claims do not fall within that limited grant of jurisdiction, we conclude that his breach-of-contract claim does.

The Court of Federal Claims lacks jurisdiction over Mr. Baker's Title VII discrimination claim. Congress has provided that federal district courts have jurisdiction over an aggrieved employee's employment-discrimination action under Title VII. *See* 42 U.S.C. §§ 2000e-5(f)(3), 2000e-16(c). And the Supreme Court has described Title VII as "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829 (1976). Such a specific, comprehensive scheme of administrative and judicial review is inconsistent with the Court of Federal Claims asserting jurisdiction under the Tucker Act. *United States v. Bormes*, 133 S. Ct. 12, 18 (2012); *Wilson v. United States*, 405 F.3d 1002, 1009 (Fed. Cir. 2005); *see Gardner v. United States*, 439 F. App'x 879, 881 (Fed. Cir. 2011) ("The Court of Federal Claims . . . does not have jurisdiction over Title VII claims.").

Mr. Baker's tort claims also are outside the Tucker Act. Nothing in that Act identifies tort claims as covered; to the contrary, its listing of covered topics excludes

claims "sounding in tort." Mr. Baker pleads defamation of character, infliction of emotional distress, and retaliation, all of which have long been recognized as tort claims. *See Farmer v. United Bhd. of Carpenters & Joiners of Am., Local 25*, 430 U.S. 290, 302–03 (1977) (defamation and infliction of emotional distress); *Qualls v. United States*, 678 F.2d 190, 193 (Ct. Cl. 1982) (retaliation). Therefore, the Court of Federal Claims correctly held that it lacks jurisdiction over Mr. Baker's tort claims.

Mr. Baker's claim of wrongful garnishment of his tax refund under the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3702, 3711, 3716, fares no better. Although the Tucker Act covers a claim "founded . . . upon . . . any Act of Congress," the particular statute must be one that mandates monetary relief against the United States when violated. *See United States v. Navajo Nation*, 556 U.S. 287, 290–91 (2009); *United States v. Testan*, 424 U.S. 392, 400 (1976); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part). The statutory provisions relied on by Mr. Baker authorize an agency to withhold funds payable by the United States to a person to satisfy a claim, but they do not authorize monetary relief for a violation. *See McNeil v. United States*, 78 Fed. Cl. 211, 228 (2007), *aff'd*, 293 F. App'x 758 (Fed. Cir. 2008). If there is a remedy for a violation, it is not through the Act of Congress portion of the Tucker Act. *Cf. Miller v. Office of Personnel Mgmt.*, 449 F.3d 1374, 1385 (Fed. Cir. 2006) (Dyk, J., dissenting) (noting that some courts have assumed the availability of Administrative Procedure Act review of agency determinations to make offsets under the Debt Collection Improvement Act).

With respect to Mr. Baker's breach-of-contract claim, the Court of Federal Claims erred in dismissing for lack of jurisdiction. In *Holmes v. United States*, 657 F.3d 1303 (Fed. Cir. 2011), this court noted that "when a breach of contract claim is brought in the Court of Federal Claims

under the Tucker Act, the plaintiff comes armed with the presumption that money damages are available." *Id.* at 1314. The court then squarely held that the Tucker Act is available for a claim seeking monetary relief for a breach of provisions of a settlement agreement, specifically of a Title VII claim, relating to future employment. *Id.* at 1315–16; *see also Cunningham v. United States*, 748 F.3d 1172, 1176 (Fed. Cir. 2014). In *Holmes*, the court also expressly concluded that the Tucker Act monetary remedy is available notwithstanding the provision of non-monetary remedial options like those set forth in the Settlement Agreement paragraphs 6 and 7 quoted above. 657 F.3d at 1316. Those options were available in *Holmes* by EEOC regulation, but we do not see why the result is any different when they are written into the contract in non-exclusive form.

Contrary to the Court of Federal Claims' conclusion, *Baker*, 123 Fed. Cl. at 206, this court did not alter the foregoing law as to certain settlement agreements in *Higbie v. United States*, 778 F.3d 990 (Fed. Cir. 2015). The court in *Higbie* itself recognized that "[t]ypically, in a contract case, the presumption that money damages are available satisfies the Tucker Act's money-mandating requirement." *Id.* at 993 (citing *Holmes*, 657 F.3d at 1314). But the court found no damages available for the particular contract breach at issue, which did not involve future-employment-related provisions of a Title VII settlement agreement. Rather, it involved a confidentiality provision of a mediation agreement in "boilerplate common to agreements associated with similar mediation proceedings," for which the agreement specified exclusion of evidence as the remedy for breach. *Id.* at 995 n.1, 994. In rejecting application of the Tucker Act for that contract, the court pointedly distinguished "a settlement agreement that created specific duties owed by the Government to th[e] particular plaintiff," as in *Cunningham*. *Id.* at 995 n.1.

This case is covered by *Holmes* and *Cunningham*, not *Higbie*. Mr. Baker alleges that the Army breached the Title VII settlement agreement, specifically a provision crafted particularly for him and concerning his future employment, and that he is entitled to $350,000 in damages. And the agreement contains no language that limits monetary relief for breach of the job provision, but only language of the very type held not to bar monetary relief in *Holmes*. The Court of Federal Claims therefore erred in holding that it lacked Tucker Act jurisdiction over Mr. Baker's contract claim.

The Court of Federal Claims held, in the alternative, that the claim must be dismissed for failure of the complaint to plead a breach. *Baker*, 123 Fed. Cl. at 206. That characterization fails to give the handwritten, informal, pro se complaint the reading it warrants. Taken as a whole, and read generously, Mr. Baker's complaint alleges that the Army breached the settlement agreement by not giving him the promised job, seemingly because it viewed his conviction as rendering him unsuitable. The dismissal of the complaint is therefore reversed, and the case remanded for further proceedings.

CONCLUSION

For the foregoing reasons, we affirm the Court of Federal Claims' dismissal of all claims except the breach-of-contract claim, as to which we reverse and remand.

No costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**