NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICK BAKER,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2017-1884

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00343-TCW, Judge Thomas C. Wheeler.

---

Decided: October 6, 2017

---

PATRICK BAKER, Foreman, AR, pro se.

DANIEL S. HERZFELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

---

Before LOURIE, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

Patrick Baker appeals from a decision of the Court of Federal Claims ("the Claims Court") granting the Department of the Army's ("the Army" or "government") motion for summary judgment that the Army did not breach a negotiated settlement agreement. *See Baker v. United States*, 131 Fed. Cl. 62, 66 (2017) ("*Claims Court Decision*"). For the reasons that follow, we *affirm*.

BACKGROUND

Baker worked at the Army's Red River Army Depot in Texarkana, Texas. On November 12, 2008, he and a coworker consumed an alcoholic beverage before coming to work, and they admitted to doing so when questioned by a supervisor. In response, according to Baker, the Army gave him a choice: voluntarily resign or be fired. Baker chose to resign. After doing so, he learned that the coworker had been allowed to continue his employment, and Baker filed a racial discrimination claim against the Army.

On August 11, 2009, Baker entered into a settlement agreement with the Army ("the Agreement"), wherein the Army agreed to "[p]lace [Baker] on a time limited appointment as a Heavy Mobile Equipment Repairer WG-5803-08 in the Directorate for Maintenance Production, Travel Division, effective not later than September 14, 2009." Resp't's App. 12. By signing the Agreement, Baker agreed that "[he] understands that his *appointment is contingent upon* his meeting physical requirements for the aforementioned position and *meeting all suitability requirements for placement*." *Id.* (emphases added).

Soon after executing the Agreement, Baker was arrested and charged with "second degree domestic battery, a terroristic act," a felony under Arkansas law, which is punishable by a three to ten year imprisonment and a $10,000 fine. Baker was initially unable to pay his bond

and thus remained in custody until October 26, 2009. In December 2009, Baker pleaded guilty to third degree domestic battery, a misdemeanor, and was sentenced in December 2010 to twelve months' probation. While Baker was in custody, an Army human resources specialist, Ms. Shirley Hickson, attempted unsuccessfully several times to contact him in order to complete the hiring process by September 14, 2009, the deadline established by the Agreement. Ms. Hickson finally made contact with Baker on October 22, 2009.

In November 2009, the Army learned that felony charges had been brought against Baker. Ms. Hickson informed him that the Army would not be able to hire him at that time because the then-pending charges "rendered him unsuitable for employment." *Claims Court Decision*, 131 Fed. Cl. at 64 (internal quotation marks omitted). Baker unsuccessfully appealed the decision to the Army and to the Equal Employment Opportunity Commission.

On April 1, 2015, Baker filed a complaint in the Claims Court, alleging racial discrimination, defamation of character, emotional stress, retaliation, and breach of contract. The court dismissed all of Baker's claims for lack of subject-matter jurisdiction. *See Baker v. United States*, 123 Fed. Cl. 203, 205 (2015), *aff'd in part, rev'd in part and remanded*, 642 F. App'x 989 (Fed. Cir. 2016). On appeal, we affirmed the dismissal, except as to Baker's breach of contract claim, which it found to be money-mandating under the Tucker Act, and which it found Baker had sufficiently pleaded, in light of the leniency afforded pro se plaintiffs. *See Baker v. United States*, 642 F. App'x 989, 993 (Fed. Cir. 2016) ("[The Claims Court's] characterization fails to give [Baker's] handwritten, informal, pro se complaint the reading it warrants. Taken as a whole, and read generously, Mr. Baker's complaint alleges that the Army breached the settlement agreement by not giving him the promised job, seemingly because it viewed his conviction as rendering him unsuitable.").

This court remanded the case for further proceedings on Baker's breach of contract claim. *Id.*

On remand, Baker moved for summary judgment, arguing that this court's decision entitled him to summary judgment on his breach of contract claim. *See Claims Court Decision*, 131 Fed. Cl. at 64. In response, the government filed a cross-motion for summary judgment, arguing that Baker's admission of pending criminal charges rendered him unsuitable for employment. The government also argued that, due to Baker's incarceration, he was unavailable to perform the work contemplated in the Agreement on September 14, 2009, the agreed-upon date. *Id.*

The Claims Court granted the government's motion, finding that this court's previous decision, *Baker*, 642 F. App'x at 993, did not entitle Baker to summary judgment. Rather, the court explained, it merely required the court to consider the merits of his breach of contract claim. *Claims Court Decision*, 131 Fed. Cl. at 64–65. Upon considering the merits, the court concluded that the government was entitled to summary judgment because Baker's pending criminal charges rendered him unsuitable for employment and because Baker was unavailable to perform the employment contemplated by the agreement. *Id.* at 65–66.

The Claims Court pointed to the terms of the Agreement, which conditioned Baker's employment on "his meeting . . . all suitability requirements for placement." Resp't's App. 12. The court found that standard Army procedure was to "assess[] suitability, in part, with Option Form 306 which specifically asks whether the applicant has any pending criminal charges." *Claims Court Decision*, 131 Fed. Cl. at 65. Furthermore, the court found that according to the Army's Suitability Processing Handbook, criminal charges will render an applicant with pending criminal charges unsuitable for employment until

the "case is disposed." *Id.* (internal quotation marks omitted); *see also* Resp't's App. 42 (The Suitability Processing Handbook, which states that "[c]riminal activity creates doubt about a person's judgment, reliability, and trustworthiness" because "[b]y its very nature, it calls into question a person's ability or willingness to comply with laws, rules, and regulations" and that "pending charges of a nature that are potentially disqualifying cannot be adjudicated until the case is disposed").

Because Baker had informed the Army that he was currently facing criminal felony charges, the Claims Court concluded that the Army "properly found Mr. Baker unsuitable using standard Army procedures" and thus did not breach the terms of the Agreement. *Claims Court Decision*, 131 Fed. Cl. at 65. The court also found that, due to his incarceration and probation, Baker was unavailable to perform the job contemplated in the Agreement and thus "did not satisfy a condition precedent to receiving compensation under the agreement." *Id.* at 66.

For those reasons, the Claims Court granted the government's motion for summary judgment. Baker timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

This court "review[s] the Claims Court's grant of summary judgment de novo." *Amergen Energy Co. v. United States*, 779 F.3d 1368, 1372 (Fed. Cir. 2015). Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Consol. Edison Co. v. Richardson*, 232 F.3d 1380, 1383 (Fed. Cir. 2000). On a motion for summary judgment, "all evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable factual inferences should be drawn in favor of the non-

moving party." *Dairyland Power Coop. v. United States*, 16 F.3d 1197, 1202 (Fed. Cir. 1994).

Baker argues that the Claims Court misapplied the governing law, specifically 5 C.F.R. § 731.202. Baker also contends that the Claims Court's grant of summary judgment contradicts this court's previous decision reversing the court's dismissal for lack of subject-matter jurisdiction. *See Baker*, 642 F. App'x at 993.

The government responds that the Claims Court correctly applied the law and that this court's previous decision merely required the Claims Court to consider the merits of Baker's claim, not to rule in his favor.

We agree with the government. Although Baker disputes some background facts, the *material* facts in this case appear to be undisputed. Specifically, Baker does not dispute that the Agreement conditioned Baker's employment on his meeting suitability requirements; that the Army learned of Baker's pending criminal charges; or that its suitability determination was based on those charges. Thus, summary judgment was an appropriate action on remand from this court, so long as the government was entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). We conclude that it was.

An agency operating by delegation from the Office of Personnel Management ("OPM") "must base [a] suitability determination on the presence or absence of one or more specific factors," including "criminal or dishonest conduct." 5 C.F.R. § 731.202(a), (b)(2). Indeed, OPM's Suitability Process Handbook states that "[c]riminal activity creates doubt about a person's judgment, reliability, and trustworthiness" because "[b]y its very nature, it calls into question a person's ability or willingness to comply with laws, rules, and regulations." Resp't's App. 42. The Handbook specifies that "pending charges of a nature that are potentially disqualifying cannot be adjudicated until the case is disposed." *Id.*

Baker does not dispute that his charges were still pending and thus that the case could not be disposed of by September 14, 2009. In fact, Baker's attorney had contacted the Army on November 4, 2009, indicating that Baker was awaiting confirmation from the prosecutor about a plea bargain, but that the prosecutor "[could not] dispose of the case right now." *Id.* at 36. Furthermore, the Agreement specifically conditioned Baker's employment "upon his meeting . . . all suitability requirements for placement." *Id.* at 12.

Thus, the Claims Court correctly concluded that the government was entitled to judgment as a matter of law. The terms of the Agreement allowed the Army to evaluate Baker's suitability for employment and, finding him unsuitable, to refuse employment for his having failed to meet "all suitability requirements." *Id.* And the Army's determination of unsuitability based on Baker's pending criminal charges was in accordance with law. *See* 5 C.F.R. § 731.202(a), (b)(2).

Because we conclude that the Claims Court correctly determined that the government was entitled to withhold employment based on its suitability determination, we need not address the court's finding that Baker was unavailable for employment and thus failed to meet a condition precedent of the Agreement.

## CONCLUSION

We have considered the remaining arguments but find them to be unpersuasive. For the foregoing reasons, we affirm the decision of the Claims Court.

## **AFFIRMED**

## COSTS

No costs.