NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**FRANK E. KNIGHTEN, JR.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2024-1563

_____

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00043-AOB, Judge Armando O. Bonilla.

_____

Decided: October 10, 2024

_____

FRANK EDWARD KNIGHTEN, JR., Detroit, MI, pro se.

TARA K. HOGAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

_____

Before DYK, CHEN, and STOLL, *Circuit Judges*.

PER CURIAM.

Frank E. Knighten, Jr. appeals *pro se* from a decision of the United States Court of Federal Claims ("Claims Court") dismissing his complaint *sua sponte* for lack of subject matter jurisdiction on the ground that he seeks relief for the actions of his private employer and not the United States. *See* Order of Dismissal, *Knighten v. United States*, No. 24-cv-43-AOB (Fed. Cl. Jan. 31, 2024), ECF No. 7. Because the Claims Court did not err in dismissing Mr. Knighten's complaint, we *affirm*.

## BACKGROUND

Mr. Knighten previously worked for the private company Tec Group Inc. ("Tec Group"). Mr. Knighten alleges that Tec Group unlawfully retaliated against him when it terminated his employment shortly after he complained of a colleague's racially discriminatory conduct. He also suggests that Tec Group's reason for his termination—failure to submit a legally compliant Form I-9 for tax purposes—was pretextual.

On January 10, 2024, Mr. Knighten filed suit against the United States in the Claims Court, seeking $25 million in damages and other relief.

The Claims Court dismissed Mr. Knighten's complaint *sua sponte*, concluding that it did not possess subject matter jurisdiction because Mr. Knighten's claims relate to discrimination in private employment.

Mr. Knighten appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review dismissals by the Claims Court for lack of jurisdiction *de novo*. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2012). The plaintiff must establish the court's jurisdiction by a preponderance of the evidence. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). Unrepresented plaintiffs are not held to as strin-

gent a pleading standard as represented parties. *See Hughes v. Rowe*, 449 U.S. 5, 15 (1980). However, this principle does not relieve an unrepresented plaintiff of the obligation to establish jurisdiction. *See Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Mr. Knighten contends that the Claims Court should not have dismissed his complaint because he has alleged that Tec Group discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964. He argues that the "[s]pirit of Tit[le] VII demands vigilant enforcement" and urges us to conclude that the Claims Court possesses jurisdiction over his claims. Appellant Inf. Br. 2.[1]

The Claims Court possesses jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Claims Court does not possess jurisdiction over claims against private employers. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941).

Although Mr. Knighten nominally sues the United States as a defendant, his allegations are directed to the supposed misconduct of private entities and individuals. His complaint is devoid of any indication that the United States played a role in the actions of his private employer. Moreover, Title VII itself confers jurisdiction only on the federal district courts, 42 U.S.C. § 2000e-5(f)(3), and the

---

[1]    Mr. Knighten's informal brief is accompanied by what appear to be additional exhibits that were not filed with the Claims Court. Our review is based on the evidence as presented to the Claims Court, Fed. R. App. P. 10(a)(1), so we do not consider Mr. Knighten's new exhibits.

Claims Court is not a district court. *See Gardner v. United States*, 439 F. App'x 879, 881 (Fed. Cir. 2011) ("The Court of Federal Claims . . . does not have jurisdiction over Title VII claims.").

The Claims Court correctly recognized that it did not have subject matter jurisdiction over Mr. Knighten's claims. *See Sherwood*, 312 U.S. at 588.

## AFFIRMED

### COSTS

No costs.